# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| THE RICE COMPANY (SUISSE) S.A., §<br>*Plaintiff*, § <br> § <br>v. § <br> § <br>JAMES J. FLANAGAN SHIPPING CORPORATION, § <br>*Defendant*. § | | CIVIL ACTION H-06-965 |

## ORDER

Pending before the court is defendant's motion to transfer[1] venue pursuant to 28 U.S.C. § 1404(a). Dkt. 12. After considering the parties' arguments, the totality of the circumstances, and the applicable law, the court is of the opinion that the motion should be GRANTED.

## BACKGROUND

The Rice Company alleges that the defendant James J. Flanagan Shipping Corp. received a cargo of rice in good order at the port of Lake Charles and, in breach of its duty of care, allowed that cargo to be ruined by Hurricane Rita when Flanagan stored the rice in leaky sheds. Further, Rice alleges that Flanagan then disposed of the ruined cargo without authority. Rice has asserted claims of bailment, negligence, breach of contract, and conversion against Flanagan. Rice filed suit in the Houston Division of the United States District Court for the Southern District of Texas based on diversity of citizenship under 28 U.S.C. § 1332. Rice is a foreign corporation and a citizen of Switzerland. Flanagan is a Texas corporation. Flanagan moved the court for a change of venue under 28 U.S.C. § 1404(a).

---

[1] The language of 28 U.S.C. § 1404(a) titles the motion a change of venue rather than a transfer of venue. Since many courts have used the term transfer instead of change, the court shall use them interchangeably to mean a change of venue under section 1404(a).

## ANALYSIS

Section 1404(a) allows for a change of venue "[f]or the convenience of parties and witnesses, in the interest of justice" provided that the action could have been brought in the new forum originally. 28 U.S.C. § 1404(a). "Whether a transfer is indicated is "a matter to be weighed and decided by the District Judge in his discretion upon a consideration of all the factors." *Humble Oil & Refining Co. v. Bell Marine Svc.*, 321 F.2d 53, 57 (5th Cir. 1963). No one factor is given dispositive weight. *In Re: Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

As a threshold matter, the court must determine whether the case could have been brought originally in the Western District of Louisiana, Lake Charles Division. Because "a substantial part of the events or omissions giving rise to the claim occurred" at the Port of Lake Charles, venue would have been proper there. 28 U.S.C. § 1391(a). Therefore the first part of the test is satisfied. The next step is for the court to weigh the factors for and against transfer. The Supreme Court has given the court some guidance with regard to the factors it should consider, although no single factor is dispositive. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S.Ct. 252, 259 n.6 (1981). It divides the factors into two groups: private concerns, and public concerns. *Id.*

**Private Factors for Consideration.**

The private concerns are "[1] relative ease of access to sources of proof; [2] availability of compulsory process for attendance of unwilling [witnesses]; [3] cost of obtaining attendance of willing witnesses; [4] possibility of view of premises, if view would be appropriate to the action; and [5] all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* Additionally, many courts have recognized that the plaintiff's choice of forum is also a factor. *In re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003). The court finds that the private

factors weigh in favor of transfer. The first factor, the relative ease of access to sources of proof, points strongly in favor of the Lake Charles forum. The incidents in question took place in Lake Charles. The allegedly leaky sheds, the Port, and any other instrumentalities of the events at issue are located in the Western District of Louisiana up to and including the hogs that ingested the ruined rice. Here, a forum is available in the same city the events giving rise to the claim occurred, and the bulk of the evidence is located. Logically, the first factor argues in favor of transfer.

The second and third factors, the availability of compulsory process and cost of transportation for witnesses also weigh strongly in favor of transfer. Flanagan has listed many third party witnesses with relevant knowledge, including Port employees and inspectors, all of whom live in the Lake Charles area. Lake Charles residents are beyond the subpoena power of the Southern District of Texas for both depositions and trial. *See* FED. R. CIV. P. 45. Rice argues that although Flanagan identifies these people as material witnesses, Flanagan has made no affirmative declaration that he will actually call them to testify. Rice claims Flanagan could simply use deposition testimony. Additionally, Rice urges that it intends to call a witness of its own who is domiciled in Houston. At this early stage in the case, the court finds it difficult to assess the relative importance of the various witnesses. Because both sides dispute the significance and materiality of the other side's possible witnesses, for this inquiry the court will presume all witnesses are potentially material. The heart of the claims exists in Lake Charles,[2] and the greater number of witnesses. Therefore, weighing the

---

[2] Although the defendants decry the difficulties of "repeatedly braving the Sabine [to] go to Louisiana for depositions," and the court is cognizant of the difficulties of travel in exotic foreign lands such as Louisiana, the convenience of counsel is never a factor for consideration when reviewing the convenience prong of the transfer inquiry. *See Horseshoe*, 337 F.3d at 434. Were that the only objection, the court would advise counsel to purchase a phrase book and pack for the journey.

relative inconvenience of many third party witnesses in Lake Charles with one clearly willing witness in Houston, the court finds that these factors also support transfer of venue.

Leaving aside the catchall factor[3] the last private factor is the plaintiff's choice of forum. Rice argues that its choice is entitled to "significant weight." However, the case law Rice cites for that proposition states merely that it is a factor to be considered, and "in and of itself it is neither conclusive nor determinative." *Horseshoe*, 337 F.3d at 434. In fact, the *Horseshoe* court made that statement as part of a finding that the district court in that case had "erred in attributing decisive weight to the plaintiff's choice of forum." *Id.* Moreover, Rice, a citizen of Switzerland, has no ties to this forum. It predicates venue in Houston based on solely Flanagan's citizenship. Rice's choice of Houston as a forum holds little sway in this case. Accordingly, the court finds that the private considerations for choice of forum weigh in favor of transfer.

2.  *Public Factors for Consideration.*

The public factors outlined by the Supreme Court are generally inapplicable in this case. But those that do apply weigh in favor of transfer as well. They include "[1] the local interest in having localized controversies decided at home [and]; [2] the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action." *Piper*, 454 U.S. at 241 n. 6. First, the localized interest in the outcome of the ravages of Hurricane Rita cannot be downplayed. The Port of Lake Charles has a very real and ongoing interest in any actions arising out of the storm's devastating effect on the Port. Neither party in this case has asked for a jury, so a local jury will not

---

[3] The catchall factor is "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper*, 454 U.S. at 241 n. 6.

decide the facts of the case. However, the people of Lake Charles still have an interest sufficient to tip the balance in favor of transfer, albeit slightly.

Second, and more importantly, both parties agree that any court sitting in diversity on this case would have to apply Louisiana law. Louisiana judges have more expertise interpreting Louisiana law than do Texas judges. And, despite Rice's protestations to the contrary, the differences between Louisiana law and Texas law are real and significant. That factor also argues for transferring the case to the Western District of Louisiana. Thus, the public factors that are present in this matter both weigh in favor of transfer.

### Conclusion

Taken as a whole the private and public factors laid out by the Supreme Court in *Piper* all weigh in on the transfer side of the scale. Rice has failed to show any factors in favor of retaining Houston as the venue. Only one witness is in Houston, the events did not take place in Houston, neither Texas nor federal law apply, and the plaintiff has no ties to Houston as a forum. Therefore, for the foregoing reasons, Flanagan's motion to transfer venue is GRANTED.

It is so ORDERED.

Signed at Houston, Texas on October 16, 2006.

_____
Gray H. Miller
United States District Judge